IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUSSELL B. CANFIELD,     )  | |
|     Plaintiff,     ) | |
| vs.     ) | No. 3:05-CV-1828-D |
|     ) | |
| BAYLOR MEDICAL CENTER,     ) | |
|     Defendant.     ) | |

**AMENDED
FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. Upon further review of the matters presented in the instant action, the undersigned Magistrate Judge VACATES the prior Findings, Conclusions, and Recommendation entered in this case, and submits the following amended findings, conclusions, and recommendation:

**I. BACKGROUND**

On September 14, 2005, plaintiff commenced this civil action against Baylor Medical Center for alleged violations of unspecified state and federal statutes related to medicare and medicaid programs. (Compl. at 1.) He claims that defendant violated "stipulations of Medicare Medicaid" by failing "to provide proper medical" to his wife, thus causing her death on September 11, 2003. (*Id.* at 2.) His complaint describes a case of negligence against defendant. (*Id.* at 5-6.) In answer to a Magistrate Judge's Questionnaire (MJQ),[1] he indicates that his claims are premised on negligence, failure to abide by rules and statutes of medicaid and medicare, and "other claims" that appear

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

in original complaint. (*See* Answer to Question 2 of MJQ.) Although the Court asked plaintiff to identify the alleged violated rules, plaintiff identified no specific federal rule or statute violated by defendant. (*See* Answer to Question 3 of MJQ.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

To aid in determining the existence of federal jurisdiction, Fed. R. Civ. P. 8(a) requires plaintiffs to make a "short and plain statement of the grounds upon which the court's jurisdiction depends." Plaintiff's complaint simply refers to unspecified violations of medicare and medicaid programs, and invokes jurisdiction pursuant to 28 U.S.C. § 1331. As already mentioned, furthermore, plaintiff identified no specific federal violation in his answers to the MJQ.

The mere citation of § 1331 does not bestow jurisdiction on this Court. Although "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States", 28 U.S.C. § 1331, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution", *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "There is no independent ground for federal question jurisdiction under § 1331" when the asserted federal statute "does not authorize the suit." *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 442 n.6 (5th Cir. 2002).

For an action to be brought in federal court under § 1331, federal law must create the right to sue. It is not enough that the case refers to federal law. As stated by the Supreme Court,

> a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States."

*Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (considering a state action in which plaintiffs based their negligence claim in part on alleged violation of the Federal Food, Drug, and Cosmetic Act); *accord Fabrique, Inc. v. Corman*, 813 F.2d 725, 725-26 (5th Cir. 1987) (recognizing that *Merrell Dow* "rejected the 'ingredient' test of federal question jurisdiction", and dismissing a claim founded on 11 U.S.C. § 363 for lack of subject matter jurisdiction). The Fifth Circuit has also recognized "that the presence of a federal issue, however much it may dominate [a] case, is insufficient to confer federal-question jurisdiction. On the contrary, such jurisdiction is conferred by statute only when the plaintiff is asserting a right created by federal law." *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986). When "Congress has provided no federal

3

private cause of action, to allow the presence of a federal issue to give federal-question jurisdiction over a state-law cause of action would 'flout, or at least undermine' congressional intent." *Griffis v. Gulf Coast Pre-Stress Co.*, 850 F.2d 1090, 1092 (5th Cir. 1988) (affirming dismissal pf action for lack of subject matter jurisdiction despite plaintiff's reliance on a federal law, 33 U.S.C. § 905(a), that created no right of action against the defendants).

In this instance, plaintiff has not carried his burden to show that his action arises "under the Constitution, laws, or treaties of the United States." Although his complaint refers to federal law, such law does not create a general right to sue. *See Scott v. Pfizer Inc.*, No. 04-41265, 2006 WL 1488842, at *2 (5th Cir. May 23, 2006) (holding that neither the Medicare Act nor the Medicaid Act provide a private cause of action that confers federal jurisdiction over a private provider of services). Such Acts simply do not "envision suit" against such a provider. *Stewart v. Bernstein*, 769 F.2d 1088, 1094 (5th Cir. 1985) (expressly dealing with Medicaid Act). As recognized by those cases, however, a private cause of action may exist against a state provider of services.[2] In light of the potential for such private cause of action, the Court finds that jurisdiction exists over plaintiff's federal claims, and proceeds to consider the claims on the merits. *See Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1985) (holding that when a "challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the [matter] as a direct attack on the merits of plaintiff's case"); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir. 1985)

---

[2] Although not invoked by plaintiff, 42 U.S.C. § 1983 provides a basis for federal jurisdiction against state actors. More specifically, that statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States, and . . . it afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

4

(holding that "[w]hether a federal court has jurisdiction to decide a case and whether a plaintiff has a cause of action under a federal statute are distinct inquiries that must be addressed separately").

## III. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal if the Court finds the complaint "frivolous" or "malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief."

Because plaintiff sues a private provider of services, *see United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983); *Knight v. Stoltz*, No. 3:01-CV-1398-L, 2001 WL 1545767, at *2 (N.D. Tex. Nov. 30, 2001) (accepting findings, conclusions, and recommendation of magistrate judge), for alleged violations of the Medicare and Medicaid Acts, his federal claims fail to state a claim upon which relief may be granted. To the extent a private cause of action exists under those Acts, such cause of action is not available against a private provider of services. *See Scott v. Pfizer Inc.*, No. 04-41265, 2006 WL 1488842, at *2 (5th Cir. May 23, 2006); *Stewart v. Bernstein*, 769 F.2d 1088, 1094 (5th Cir. 1985). Furthermore, to state a claim under 42 U.S.C. § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

In general, a private hospital is not a state actor. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-43 (5th Cir. 1999). Although a private party may be deemed to be acting "under color of state law"

5

in certain circumstances, such as when the private party is "jointly engaged with state officials in the prohibited action", *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), or when the private actor "performs a function which is traditionally the exclusive province of the state" or when "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state", *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), the current action presents no facts for finding Baylor Medical Center to be a state actor. Plaintiff alleges no conspiracy between defendant and any state official. A hospital does not perform a function that is traditionally the exclusive province of the State. In addition, there is no nexus between the State and the actions of defendant such that the defendant's actions are fairly attributable to the State. For these reasons, plaintiff has failed to state a viable claim under the Medicare and Medicaid Acts or § 1983, and his federal claims should be dismissed because they fail to state a claim upon which relief may be granted.

Plaintiff also assert unspecified violations of state law. Section 1367 of Title 28 of the United States Code permits federal courts to exercise supplemental jurisdiction over pendent state claims. Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). In this instance, if the Court dismisses plaintiff's federal claims in accordance with these findings and recommendation, it should decline

6

to exercise pendent or supplemental jurisdiction over his state claims. The Court should dismiss the state claims without prejudice to plaintiff pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** plaintiff's purported federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further recommended that the Court summarily **DISMISS** his pendent state claims without prejudice to plaintiff pursuing them in state court.

SIGNED this 12th day of August, 2006.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE